**MULHENS & KROPFF, Inc., v. FERD MUELHENS, Inc.**

District Court, S. D. New York. September 16, 1927.

**1. War ⊜⇒12—Sale by Alien Property Custodian of property and good will of American agent of German manufacturer by secret process did not vest purchaser with right to the process.**

Seizure and sale by the Alien Property Custodian of the property and good will of an American partnership acting as agent for the German manufacturer of Eau de Cologne by a secret process and formula, not known to the American firm, and which the firm sold under a trade-mark, *held* not to transfer to the purchaser any right to the secret.

**2. Trade-marks and trade-names and unfair competition ⊜⇒61—Owner of trade-mark cannot use it on product different from that for which it originally stood.**

Owner of trade-mark used on article of foreign manufacture cannot use it on a different article, so as to lead the public to believe that the article sold is identical with that for which the trade-mark originally stood.

In Equity. Suit by Mulhens & Kropff, Incorporated, against Ferd Muelhens, Inc. On motion for preliminary injunction. Denied.

Manvel Whittemore, of New York City, for plaintiff.

Katz & Sommerich, of New York City (George F. Scull, Maxwell C. Katz, and Otto Sommerich, all of New York City, of counsel), for defendant.

MACK, Circuit Judge. Since 1792, the Muelhens family has been engaged in the making of eau de cologne at 4711 Glockengasse, Cologne, Germany, from essential oils dissolved in the proper amount of alcohol and water, pursuant to a recipe transmitted from father and son and kept secret at all times, as is stated on all labels and is advertised extensively. The business has become world wide under the mark "4711."

Plaintiff's president, Kropff, through whom title is asserted, came to the United States in 1878 as the Muelhens agent. It is unnecessary on this motion to go fully into the facts. It suffices that, for the purposes of a preliminary injunction, I am not satisfied that Kropff acquired knowledge of the recipe or of the nature or proportions of the essences used. If, however, he did acquire such knowledge, then it was acquired by him in his capacity as agent, with full knowledge that the German principal intended to preserve its secrecy. It is entirely clear that, except possibly for two shipments, not the separate essences, but only a mixture of the essential

oils, called Cedrac, was shipped to Kropff. In 1899, Ferdinand Muelhens and Kropff became partners. Under the agreement, the secret recipe remained in Muelhens, who had the right to take over the business in case of dissolution.

The trade-mark was registered. Jurisdiction is based on the registration. Whether the trade-mark belonged to the partnership, or whether the firm was merely licensed by Muelhens to use it, need not be here determined. For the purpose of this motion I shall assume, although I do not determine, that through seizure by the Alien Property Custodian, and the settlement made with him by Kropff, and Kropff's assignment to plaintiff, plaintiff became vested with legal title to the trade-mark, as well as to the good will of the business conducted by the partnership before the war. The Custodian however, did not expressly purport to seize or to sell the secret recipe. It is not specifically included in his demand or in the settlement. It never belonged to the partnership, and was not known in this country. It remained in Germany. It is no part of the good will of the business itself.

[1] Plaintiff contends that as, by the Trading with the Enemy Act (Comp. St. § 3115½a et seq.), the Custodian's demand has the same force and effect as a duly executed conveyance, therefore the enemy is estopped, as it is contended he would be on a voluntary conveyance, from relying on plaintiff's ignorance of the recipe. The basis of this contention is that an obligation to reveal the secret, essential to carrying on of the business sold and to the proper use of the trade-mark transferred, must be implied, if it is not expressed.

If, on a voluntary sale of the trade-mark and good will of the business dependent for its use upon a secret process, the vendor would come under an obligation to reveal the secret, and, failing to reveal it, would be estopped from denying the vendee's knowledge thereof, such an obligation would necessarily be based upon the actual intention of the parties; that is, upon an agreement to that effect, either express or implied. The act, however, did not purport to impose, and it is at least doubtful whether it could have imposed, such an obligation on a nonresident who made no such agreement. There was no jurisdiction over him, but only over his property in this country; and, of course, there is no basis for implying Muelhen's assent as a fact.

If Kropff, whether as agent or wrongfully, had acquired knowledge of the secret

recipe, he should have given it to the Custodian as property in this country of the alien. There is, however, no contention that, under the demand, he did reveal the secret, and/or thereafter acquired it from the Custodian in the settlement, or, without such revelation, became the assignee thereof through the Custodian's implied assent. He did not even assert knowledge of the secret recipe at the time of the demand, and, as heretofore stated, I doubt whether he had or has such knowledge. The Custodian's release to Kropff from all liabilities to Muelhens may well bar any action by Muelhens for wrongs theretofore committed; it does not, however, operate as a transfer of the recipe and a grant of its use thereafter, even if Kropff knew the secret and had theretofore wrongfully used it.

At the argument, the suggestion was accepted that an indepndent analysis of plaintiff's and defendant's product should be made. I have concluded, however, that at present this is unnecessary, because it seems to me apparent from the affidavits of the experts that there is no real identity of the two products. They may be closely similar, but they are not the same. Plaintiff may have some part of the secret, but it does not appear to have the entire secret. Plaintiff's product may or may not be as good as the original "4711"; it is not, however, the original. Notwithstanding this, it has persistently advertised the product as if it were the original, by asserting in broadest terms that its product is made according to the original recipe.

It may well be that some improvements through changes in the formula by the owner of the trade-mark and the recipe, although not advertised, will not preclude him from protecting his mark as against infringers. Coca-Cola Co. v. Koke Co., 254 U. S. 143, 41 S. Ct. 113, 65 L. Ed. 189. In this case, however, plaintiff is attempting to palm off a substitute article under what I must at present deem the false claim that it knows and has the original recipe.

[2] If plaintiff has acquired the trade-mark in connection with the business, it nevertheless cannot properly use it, so as to lead the public to believe that the product sold by it is identical with the product for which the mark originally stood. A. Bourjois & Co. v. Katzel, 260 U. S. 689, 43 S. Ct. 244, 67 L. Ed. 464, 26 A. L. R. 567, is beside the point here involved. That case held only that, when the American trade-mark has been sold and is being here used on the original article, the foreign vendor cannot, even on identical goods, use that trade-mark in this country in violation of the original vendee's rights.

A number of other questions are raised in the cause, but for the purpose of this motion I deem it unnecessary now to consider them. It suffices that, to put it mildly, there is such serious doubt, both on the law and on the facts, as to plaintiff's right to injunctive relief, that in the exercise of a sound judicial discretion such relief should not be awarded in any event prior to a full trial.

The motion for a preliminary injunction will therefore be denied.